UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALONZO E. STEWART,

      Plaintiff,

  v.                                    Case No. 09-C-123

RICK RAEMISCH, QUALA CHAMPAGNE,
RUTH DONALDS, ANGELA PETERSON,
and JOHN LANGDON,

      Defendants,

## DECISION AND ORDER

Plaintiff, who is incarcerated at the Jackson Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to prepay the filing fee, he can request leave to proceed in forma pauperis. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.21. I have reviewed plaintiff's affidavit of indigence and am satisfied that plaintiff cannot afford to prepay the filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and

2

2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that in 2002 he was involved in a prison transport van accident.[1] As a result of the accident, plaintiff sustained severe injuries. Later, when plaintiff was released on parole, his parole officers (defendants Peterson and Langdon), threatened to revoke parole if plaintiff did not get a job. According to plaintiff, however, his medical condition made it hard for him to work. Plaintiff argues that by requiring him to get a job, defendants were deliberately indifferent to his serious medical needs. However, the exhibits attached to plaintiff's complaint reflect that plaintiff could work so long as his job was limited to part-time, sedentary work. (Ex. 10.) Although plaintiff alleges that his parole officers required him to get a job, he does not allege that they required him to get a job that exceeded his medical restrictions. Therefore, plaintiff has alleged no facts from which it might be inferred that defendants were deliberately indifferent to his serious medical needs.

I note that plaintiff has attached a number of handwritten additional pages to his complaint in which he expands on his allegations. Plaintiff seems to allege that he has not received adequate medical care while incarcerated. However, plaintiff only expresses his opinion that he has not received adequate medical care and does not point to any specific

---

[1] Plaintiff filed another lawsuit in this court alleging violations based on the van accident. However, I dismissed that lawsuit for failure to state a claim on which relief may be granted. See Stewart v. Frank, Case No. 09-C-132 (E.D. Wis.).

3

actions by defendants that indicate deliberate indifference to his medical needs. Therefore, I cannot conclude that plaintiff has stated a plausible deliberate indifference claim, and his present complaint will be dismissed.

Although his present complaint will be dismissed, I will grant plaintiff leave to file an amended complaint. In his amended complaint, plaintiff should <u>briefly</u> identify the specific actions of the specific defendants that plaintiff believes were unlawful. If plaintiff plans to include allegations relating to being forced to work, plaintiff must allege that he was forced to obtain work that violated the medical restrictions imposed by his doctors. Plaintiff is encouraged to limit his complaint to five pages, and he should not attach any exhibits. Longer complaints accompanied by numerous exhibits are confusing and make it harder for both the court and the defendants to understand what the plaintiff is complaining about. The complaint is not the place to argue the merits of the case. If the complaint states a plausible claim, plaintiff will be given an opportunity to submit evidence and make arguments at a later time. For now, all that the plaintiff needs to do is identify the actions of the defendants that he believes were unlawful.

If plaintiff chooses to amend his complaint, he must file it on or before July 17, 2009. If an amended complaint is not filed by then, I will dismiss this action and enter final judgment.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim on which relief may be

granted. Plaintiff has until **July 17, 2009** to file an amended complaint. If no amended complaint is filed by that date, this action will be dismissed and final judgment will be entered.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.79 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**FINALLY, IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 16 day of June, 2009.

/s_____
LYNN ADELMAN
District Judge