# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALONZO E. STEWART,

        Plaintiff,

    v.                                                Case No. 09-C-123

RICK RAEMISCH, QUALA CHAMPAGNE,
RUTH DONALDS, ANGELA PETERSON,
and JOHN LANGDON,

        Defendant

## ORDER

Plaintiff, a former Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. On June 17, 2009, I dismissed the complaint for failure to state a claim but granted plaintiff leave to file an amended complaint, which he filed on July 17, 2009. I will now screen the amended complaint. See 28 U.S.C. § 1915A.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to amended complaint, on January 14, 2002, plaintiff was injured in a prison van accident. In August 2002, plaintiff was transferred to Kenosha Correctional

Center from Racine Correctional Institution. Before obtaining a job, he complained to state officials about numbness and weakness in his upper extremities due to the van accident. Plaintiff obtained a job and, while working, sustained three broken toes due to the negligence of another employee. He was placed on workmen's compensation on or about September 16, 2002. On September 20, 2002, medical tests were ordered based on plaintiff's complaints of injuries from the job and from the prison van accident. On October 14, 2002, the UW Hospital Neurology Clinic indicated that plaintiff's injuries were severe and that they involved his neck, back, and spine. The Neurology Clinic recommended a referral to a neurosurgeon to treat plaintiff and explained that if plaintiff's injuries were left untreated it would cause great bodily harm. Due to this diagnosis, plaintiff was informed that he should not work.

In January 2003, plaintiff was moved to Oakhill Correctional Institution (OCI) due to his inability to perform on a job and in April 2003, he was released to parole supervision. Defendant Angela Peterson was his parole agent. Upon release, plaintiff informed defendant Peterson of his health issues and the reason why he was transferred to OCI but Peterson insisted that if plaintiff did not obtain employment she would start revocation proceedings. In June or July 2003, plaintiff began to work for Warren Industry where his job duties included general laboring, packing, and driving a forklift. He held this job until his parole was revoked on March 15, 2004.

On July 13, 2004, plaintiff was released on parole at which time his parole agent was defendant John Langdon. Plaintiff was again threatened to either seek employment or have his supervision revoked. He informed Langdon that he had been denied social security, which is the normal process for initial filing, and that he wanted to appeal the

denial. Langdon, who knew that plaintiff had severe injuries, disregarded plaintiff's request and told him to get a job or his supervision would be revoked. On August 3, 2004, plaintiff started again at Warren Industry as a warehouse forklift driver. On December 17, 2004, the employer of Warren Industry informed plaintiff that he would be laid off due to his back injuries, and his repetitive trips to the doctor. In March 2005, plaintiff was again forced to obtain employment and began working for Chris Iron Work as a grinder and general laborer. After approximately one year at this company, they informed plaintiff that it would be in the company's best interest to let him go due to the severity of his injuries.

Plaintiff, who had been paying for his treatment with the money he was making from his employment, was referred to a neurological specialist who stated that he would have to obtain insurance to have his medical needs met. Several doctors and specialists informed plaintiff that it was imperative to receive medical treatment as soon as possible and that it was no longer acceptable to wait or the condition would be fatal. They also explained that plaintiff should not have been doing any of the physical labor that he had been doing for the last three years and this was one of the reasons for the rapid deterioration of his back, nerves, and spinal health. Defendant Langdon received letters and recommendations concerning plaintiff's health and his inability to perform manual labor from a series of doctors and specialists. Plaintiff began to request assistance in getting his medical needs treated, and he dealt specifically with defendant Langdon, defendant Ruth Donald, and defendant Quala Champagne. Plaintiff was informed that there was no assistance available despite the fact that the Wisconsin Department of Corrections has a medical card for each offender and that there are special programs to meet plaintiff's medical needs.

In November 2006, plaintiff was approved for social security. On January 23, 2007, a radiologist informed the doctors and neurological specialist that surgery was necessary due to degeneration of the back and spine tissue caused by working and the van accident.

Plaintiff was revoked on January 18, 2008, and sought medical attention. On November 18, 2008, he had one of two surgeries at UW Hospital. The doctors informed plaintiff that despite the surgery, he would suffer extreme pain for the rest of his life.

Plaintiff claims that defendants Peterson and Langdon were deliberately indifferent to his serious medical needs because they ordered him to find a job or have his parole revoked despite doctor orders that he could not work due to his injuries. Plaintiff also claims that after his injuries began to worsen, he sought assistance to get medical care but defendants Langdon, Donald, and Champagne told him that none was available. Plaintiff seeks compensatory and punitive damages.

Plaintiff's allegations implicate the Eighth Amendment to the United States Constitution and he may proceed on a deliberate indifference to a serious medical need claim. However, plaintiff does not allege that defendant Rick Raemisch was personally involved in the complaint allegations and therefore Raemisch will be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the amended complaint (Docket #6) is the operative complaint in this action.

**IT IS FURTHER ORDERED** that defendant Raemisch is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint, the summons, and this order upon the defendants pursuant to

Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that plaintiff pay the balance of the filing fee ($339.00) to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3 day of November, 2009.

/s_____
LYNN ADELMAN
District Judge

7

Case 2:09-cv-00123-LA   Filed 11/04/09   Page 7 of 7   Document 8